IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | OPINION and ORDER  |
| v.                       | 13-cv-115-bbc      |

DAVID PETRAEUS and
HILLARY RODHAM CLINTON

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | OPINION and ORDER  |
| v.                       | 13-cv-136-bbc      |

THE UNIVERSITY OF WISCONSIN - MADISON,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | OPINION and ORDER  |
| v.                       | 13-cv-137-bbc      |

HOSTEL OF HI - MADISON - OWNERS/MANAGERS and
MADISON POLICE DEPARTMENT,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

|                          |                    |
|--------------------------|--------------------|
| Plaintiff,               | OPINION and ORDER  |
| v.                       | 13-cv-139-bbc      |

UNITED STATES GOVERNMENT,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

                                    Plaintiff,                          OPINION and ORDER

       v.
                                                                        13-cv-156-bbc

NYS DEPARTMENT OF LABOR,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

XAVIER FLORES,

                                    Plaintiff,                          OPINION and ORDER

       v.
                                                                        13-cv-157-bbc

HARP TWINS MANAGEMENT,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In the past six weeks, pro se plaintiff Xavier Flores has filed six proposed civil complaints.  Under 28 U.S.C. § 1915, the court has concluded that plaintiff need not prepay any initial partial payment before proceeding in his cases.  The next step is for the court to screen his complaints and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  Id.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's allegations, I conclude that each case must be dismissed.

ALLEGATIONS OF FACT

Each of plaintiff's proposed complaints is quite brief.  He alleges the following facts:

- Case no. 13-cv-115-bbc: The federal government (represented by named defendants David Petraeus and Hillary Clinton failed to pay plaintiff for his "covert" work "asses[sing], contain[ing] and eliminat[ing] all threats to U.S. interests and U.S. soil domestically and internationally."

- Case no. 13-cv-136-bbc: Staff at the "Farm and Industry short course department" at the University of Wisconsin-Madison would not allow plaintiff to attend a current course.

- Case no. 13-cv-137-bbc: Plaintiff was forced to leave the Hi-Madison Hostel after management called the Madison police.

- Case no. 13-cv-139-bbc: Plaintiff seeks to exercise his rights under the Americans with Disabilities Act to "become another U.S. President of the United States of America.  I would be President number (2)."

- Case no. 13-cv-156-bbc: The New York State Department of Labor denied plaintiff unemployment benefits.

- Case no. 13-cv-157-bbc: Plaintiff was denied a price quote to see a live performance of the "Harp Twins," who usually perform in Huntley, Illinois.

OPINION

A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Stated another way, a complaint is factually frivolous if its allegations are "bizarre, irrational or incredible."  Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted).  At least two of plaintiff's complaints (case nos. 13-cv-115-bbc and 13-cv-139) contain allegations fanciful enough to meet this standard.

The remainder of plaintiff's complaints seem to contain claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, which prohibits discrimination against qualified persons with disabilities.  However, in each of these cases, plaintiff fails to provide any detail regarding why he thinks defendants have violated the ADA.  In particular, he does not explain what disability he has, how it affects his daily life or why he thinks defendants took action against him because of his disability.  This leads me to believe that these complaints contain no more merit than his two more obviously fanciful ones.  Accordingly, I will dismiss each case.

Furthermore, in anticipation of multiple future complaints from plaintiff, I will direct the clerk of court to route directly to chambers any further pleadings plaintiff files in this court.  If the pleading suffers from the same problems as the present cases, the pleading will be deemed dismissed without order and given no further consideration.  E.g., Alexander v. U.S., 121 F.3d 312, 315 (7th Cir. 1997) (sanction "will reduce the burden of paper-moving and explanation-writing, conserving . . . judicial time for litigants who deserve attention").  If plaintiff's complaint does not contain obviously fanciful allegations and provides *detail* about the claims he wishes to bring, I will formally screen the complaint.


ORDER

IT IS ORDERED that

1.  Each of the above captioned cases is DISMISSED for failure to state a claim upon which relief may be granted.

2.  The clerk of court is directed to send directly to chambers any future complaints filed by plaintiff, as explained above.

Entered this 28th day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge